

**2005 Decisions**

10-11-2005

# McGonigal v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McGonigal v. Comm Social Security" (2005). *2005 Decisions*. Paper 434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4718

_____

ROBERT MCGONIGAL,
                    Appellant

v.

JO ANNE B. BARNHART,
Commissioner of SSA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 03-cv-06530)
District Judge: Hon. Paul S. Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2005

BEFORE: ALITO, AMBRO, and LOURIE,[*] Circuit Judges.

(Filed October 11, 2005)

_____

OPINION

_____

_____

     * Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

Robert McGonigal appeals from the decision of the United States District Court for the Eastern District of Pennsylvania affirming the denial by the Commissioner of Social Security ("Commissioner") of his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1383f. McGonigal v. Barnhart, No. 03-6530 (E.D. Pa. Oct. 22, 2004). Because substantial evidence supports the Commissioner's decision, we affirm.

Because we write primarily for the benefit of the parties, we will recite only the most pertinent facts. Alleging disability due to various physical and mental impairments, McGonigal filed applications for DIB and SSI; they were denied. At McGonigal's request, an administrative hearing was held, at which he and a vocational expert testified. Afterwards, an administrative law judge ("ALJ") determined that McGonigal was not disabled within the meaning of the Act because he retained the residual functional capacity to perform past relevant work or other light work. The Appeals Council denied review of the ALJ's decision, which thus became final.

McGonigal thereafter filed a civil action in the District Court. On cross-motions for summary judgment, the case was referred to a magistrate judge who issued a Report and Recommendation concluding that the Commissioner's decision was supported by substantial evidence. Adopting the magistrate judge's Report and Recommendation, the District Court granted summary judgment in favor of the Commissioner. McGonigal timely appealed. We

2

have jurisdiction pursuant to 28 U.S.C. § 1291.

We must uphold the Commissioner's decision if it was supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In the instant appeal, the Commissioner's decision must be sustained because it was supported by substantial evidence.

In his briefs, McGonigal maintains that the ALJ erred in failing to accord controlling weight to the reports of his treating psychiatrist, Dr. Deeney, and his treating physician, Dr. Moreno. We disagree with that assertion. The ALJ found that Dr. Deeney's assessment was not supported by McGonigal's treatment records, and that significant inconsistencies existed between Dr. Deeney's assessment and that of a nurse and other medical professionals. As for Dr. Moreno, the ALJ found that he failed to provide proper support for his assessment and that his treatment notes were inconsistent with each other. Because their assessments were not supported by the weight of the evidence in the record, we see no error in the ALJ's refusal to give controlling weight to the opinions of Drs. Deeney and Moreno. See 20 C.F.R. § 404.1527(d)(2).

Next, McGonigal argues that the ALJ overlooked or improperly discounted certain evidence in finding that his cervical spine impairment was non-severe. We disagree. As an appellate tribunal, we cannot reweigh the evidence. See Williams v. Sullivan, 970 F.2d

3

1178, 1182 (3d Cir. 1992). The ALJ's determination was based on x-rays, the reports of several physicians, and an electrodiagnostic study; accordingly, we conclude that the ALJ's finding of non-severity was supported by substantial evidence.

McGonigal also argues that the ALJ erred in finding that he had retained the ability to return to his past relevant work, i.e., as a clerk-typist and telephone solicitor, on the basis that the vocational expert's testimony did not support such a finding. This argument amounts to another request for us to reweigh the evidence, which we must reject. Id. Moreover, even if the finding were erroneous, it was rendered harmless by the fact that the vocational expert identified other work that was consistent with McGonigal's residual functional capacity, e.g., bench work assembly, inspecting and sorting, and data entry.

Finally, McGonigal faults the ALJ for failing to include all of the functional limitations assessed by Drs. Deeney and Moreno in her hypothetical question posed to the vocational expert. Again, we disagree. As mentioned above, the ALJ found the assessments of Drs. Deeney and Moreno to be internally inconsistent and unsupported by the weight of the evidence. Because only those limitations found by the ALJ to be supported by the record need to have been included, see Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999), the ALJ's hypothetical question was proper.

Because substantial evidence supports the ALJ's decision, we affirm the judgment of the District Court sustaining the Commissioner's denial of McGonigal's claim.

4